IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JENNIFER ANN P.

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Civil Action No.
1:17-CV-0389 (DEP)

---

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

JENNIFER ANN P., *Pro se*
30 Second Street, 3rd Floor
Athens, NY 12015

FOR DEFENDANT:

HON. GRANT C. JAQUITH         KATHRYN S. POLLACK, ESQ.
United States Attorney for the     Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

DECISION AND ORDER

      This is an action brought by *pro se* plaintiff Jennifer Ann P. pursuant

to 42 U.S.C. §§ 405(g), 1383(c)(3), challenging a determination by the Acting Commissioner of Social Security ("Commissioner") finding that she was not disabled at the relevant times, and therefore is ineligible to receive the supplemental security income ("SSI") benefits for which she applied. In her brief, which was prepared by her counsel prior to his death, plaintiff argues that the residual functional capacity ("RFC") finding of the administrative law judge ("ALJ") who heard and decided the matter, concerning the range of tasks that she is capable of performing notwithstanding her impairments—and upon which the finding of no disability hinges—is not supported by substantial evidence.

Having carefully reviewed the record that was before the agency and applied the requisite deferential standard, I find that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence.   As a result, the Commissioner's determination is affirmed, and plaintiff's complaint is dismissed.[1]

I.   BACKGROUND

Plaintiff was born in February 1972, and is currently forty-six years

---

[1]   This matter is before me on consent of the parties pursuant to 28 U.S.C. § 636(c) and General Order No. 18 of this court. *See* Dkt. No. 3.

old. Administrative Transcript at 27, 136, 308.[2] At the time of her alleged disability onset date of April 1, 2010, plaintiff was thirty-eight years of age. *Id.* Plaintiff is single and lives in a second floor apartment in Catskill, New York with her boyfriend. AT 27, 34, 155. She has three children, who were twenty-four, eighteen, and fifteen years old at the time of the hearing, although none of them live with her. AT 27. Plaintiff is a high school graduate, and undertook some special education courses while in school. *Id.*

Before being fired from that position, plaintiff last worked in February 2009, as a delicatessen clerk at a supermarket. AT 28-29, 158, 308. Prior to that, she was also employed as a cashier/stocker at a convenience store, a motel chambermaid, and a fast food worker. *Id.*

Plaintiff's medical records reveal that she suffers from both physical and mental impairments. Physically, she experiences lumbar and lower back pain near her tailbone, described by her as excruciating and stabbing, and occurring daily. AT 41. Plaintiff has received treatment for her back and other various conditions from the Capital Care Medical

---

[2] The administrative transcript, which consists of a compilation of medical records and other evidence that was before the agency at the time of its determination in this matter was made and was filed by the Acting Commissioner on July 24, 2017, Dkt. No. 8, will be hereinafter cited as "AT ___."

3

Group, dating back at least to 2006. AT 239-51, 322-27. She has also received specialized treatment for her back condition from Dr. Ersno Eromo, of the Spine Institute of Columbia Memorial Health. AT 328-29, 371-78. Magnetic resonance imaging ("MRI") testing of plaintiff's lower back, conducted on July 23, 2013, revealed degenerative disc disease at the L5-S1 level, described as follows:

> Anterolisthesis at L5-S1 due to bilateral spondylolysis of L5. Severe bilateral neural foraminal narrowing.

AT 248, repeated at 250.

Mentally, plaintiff suffers from general anxiety disorder and attention deficit and hyperactivity disorder ("ADHD").[3] *See, e.g.*, AT 258. More recently, since late 2013 or early 2014, plaintiff has received mental health treatment from PROS Mental Health, including from therapists Kelli Gilmore and Erika Yeomans. AT 330-70, 379-86.

For her conditions, plaintiff's various health care providers have prescribed Aderol, Trazadone, and Zoloft. AT 194, 330-32. Plaintiff has also taken non-prescription pain medication, including aspirin. AT 194.

---

[3] During a consultative examination conducted by Nicole Bromley, Psy. D. on February 6, 2014, plaintiff was also diagnosed as suffering from post traumatic stress disorder ("PTSD"). AT 311. There is no PTSD diagnosis in the record, however, from either of her mental health care providers.

4

Plaintiff enjoys a fairly wide range of interests and daily activities. She is able to cook; clean; do laundry, with some assistance from her boyfriend; shop once monthly; socialize with her boyfriend, son, and daughter; shower; bathe; dress; watch television; listen to the radio, and "go out." AT 37, 310-11, 314. Plaintiff's hobbies and interests include playing on the computer, watching television, and playing solitaire. AT 37, 311.

II.  PROCEDURAL HISTORY

   A.  Proceedings Before the Agency

Plaintiff filed an application for receipt of SSI payments under Title XVI of the Social Security Act in September 2013,[4] alleging a disability onset date of April 1, 2010. AT 14; see AT 136-41. In support of her application, plaintiff claimed that her ability to work is limited by several physical and mental conditions, including (1) anxiety; (2) anxiety disorder; (3) ADHD; (4) low back pain; (5) bilateral knee pain; and (6) right ankle pain. AT 156. Following an initial denial of that claim, a hearing was

---

[4] On January 18, 2017, the Social Security Administration ("SSA") published a final rule that changed the nature of the evaluation of medical opinion evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (codified at 20 C.F.R. §§ 404 & 416). These new regulations apply only to claims filed with the SSA on or after March 27, 2017. Because plaintiff's claims were filed prior to this date, to the extent that the regulations are cited, the court is referring to the version of the regulations that was in effect prior to March 27, 2017.

conducted by ALJ Robert Wright, on July 21, 2015, to address plaintiff's application for benefits. AT 14; *see* AT 22-55. Following that hearing, ALJ Wright issued a decision on August 17, 2015, in which he found that plaintiff was not disabled at the relevant times, and therefore is ineligible to receive the requested SSI benefits. AT 14-22.

In his decision, ALJ Wright applied the familiar, five-step sequential test for determining disability.[5] At step one, he concluded that plaintiff has not engaged in substantial gainful activity since the date of her application for benefits on September 5, 2013. AT 16. ALJ Wright then concluded at step two that plaintiff suffers from several impairments that limit her ability to perform basic work activities, as described in 20 C.F.R. § 416.920(c), including lumbar degenerative disc disease, anxiety disorder, ADHD, and a learning disorder. *Id.* He concluded, however, that plaintiff's conditions did not meet or medically equal in severity any of the presumptively disabling impairments listed in the Commissioner's regulations, 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.*

ALJ Wright next surveyed the record and concluded that plaintiff retains the RFC to perform unskilled, light work, as defined in 20 C.F.R. § 416.967(b), except that she "can only perform simple, routine, and low

---

[5] That test is described further on in this opinion. *See* pp. 10 -12, *post.*

stress work, which is defined as having only occasional decision making, changes in the work setting, or interaction with others." AT 18. Applying that RFC, and aided by the testimony of a vocational expert, ALJ Wright concluded that plaintiff is capable of performing her past relevant work as a chambermaid, both as generally performed and as it was actually performed by her. AT 22. The ALJ therefore determined that plaintiff was not disabled at the relevant times, finding it unnecessary to proceed to the final step of the sequential analysis. *Id.*

ALJ Wright's opinion became a final determination of the agency on February 2, 2017, when the Social Security Administration Appeals Council denied plaintiff's request for review of that decision. AT 1-7.

B.  This Action

Plaintiff commenced this action on April 7, 2017, and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 1, 6. Following the filing by the Commissioner of the administrative transcript of proceedings and evidence before the agency on July 24, 2017, Dkt. No. 8, plaintiff submitted a counseled brief on September 13, 2017, Dkt. No. 11, and the Commissioner subsequently responded with the filing of her brief on March 16, 2018. Dkt. No. 20. Under General Order No. 18 of this court, the matter is now considered as having been submitted on cross-motions

by the parties for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

III. DISCUSSION

A. Scope of Review

A court's review under 42 U.S.C. § 405(g) of a final decision by the Commissioner is limited; that review requires a determination of whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998); *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (Hurd, J.) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, his decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Martone*, 70 F. Supp. 2d at 148 (citing *Johnson*, 817 F.2d at 986). If, however, the correct legal standards have been applied, and the ALJ's findings are supported by substantial evidence, those findings are conclusive, and the decision should withstand judicial scrutiny regardless of whether the reviewing court might have reached a contrary result if acting as the trier of fact. *Veino*, 312 F.3d at

586; *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); *Barnett v. Apfel,* 13 F. Supp. 2d 312, 314 (N.D.N.Y. 1998) (Hurd, M.J.); *see also* 42 U.S.C. § 405(g).

The term "substantial evidence" has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Jasinski v. Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003). To be substantial, there must be "'more than a mere scintilla'" of evidence scattered throughout the administrative record. *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co.*, 308 U.S. at 229); *Martone,* 70 F. Supp. 2d at 148 (quoting *Richardson*, 402 U.S. at 401). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

When a reviewing court concludes that incorrect legal standards have been applied, and/or that substantial evidence does not support the agency's determination, the agency's decision should be reversed. 42

9

U.S.C. § 405(g); *see Martone*, 70 F. Supp. 2d at 148. In such a case, the court may remand the matter to the Commissioner under sentence four of 42 U.S.C. § 405(g), particularly if deemed necessary to allow the ALJ to develop a full and fair record or to explain his or her reasoning. *Martone*, 70 F. Supp. 2d at 148 (citing *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). A remand pursuant to sentence six of section 405(g) is warranted if new, non-cumulative evidence proffered to the district court should be considered at the agency level. *See Lisa v. Sec'y of Dep't of Health & Human Servs.*, 940 F.2d 40, 43 (2d Cir. 1991). Reversal without remand, while unusual, is appropriate when there is "persuasive proof of disability" in the record and it would serve no useful purpose to remand the matter for further proceedings before the agency. *See Parker*, 626 F.2d at 235; *see also Simmons v. United States R.R. Ret. Bd.*, 982 F.2d 49, 57 (2d Cir. 1992); *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983).

    B.    <u>Disability Determination: The Five Step Evaluation Process</u>

The Social Security Act ("Act") defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The agency has prescribed a five-step evaluative process to be employed in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The first step requires a determination of whether the claimant is engaging in substantial gainful activity; if so, then the claimant is not disabled, and the inquiry need proceed no further. *Id.* §§ 404.1520(b), 416.920(b). If the claimant is not gainfully employed, then the second step involves an examination of whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from such an impairment, the agency must next determine whether it meets or equals an impairment listed in Appendix 1 of the regulations. *Id.* §§ 404.1520(d),

11

416.920(d); *see also id.* Part 404, Subpt. P, App. 1. If so, then the claimant is "presumptively disabled." *Martone*, 70 F. Supp. 2d at 149 (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires an assessment of whether the claimant's RFC precludes the performance of his or her past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If it is determined that it does, then as a final matter, the agency must examine whether the claimant can do any other work. *Id.* §§ 404.1520(f), 416.920(f).

The burden of showing that the claimant cannot perform past work lies with the claimant. *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *Ferraris*, 728 F.2d at 584. Once that burden has been met, however, it becomes incumbent upon the agency to prove that the claimant is capable of performing other work. *Perez*, 77 F.3d at 46. In deciding whether that burden has been met, the ALJ should consider the claimant's RFC, age, education, past work experience, and transferability of skills. *Ferraris*, 728 F.2d at 585; *Martone*, 70 F. Supp. 2d at 150.

 C. <u>Analysis</u>

In her brief, plaintiff argues that the ALJ's RFC determination was

not supported by substantial evidence. Dkt. No. 11 at 3. While she does not quarrel with the finding of her ability to perform light work, with limitations, plaintiff maintains that the record supports a finding that she has postural limitations, including with respect to squatting, bending, stooping, kneeling, and crawling, which were not included in the ALJ's RFC finding.[6]  *Id.*

A claimant's RFC represents a finding of the range of tasks she is capable of performing notwithstanding the impairments at issue. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33 (2d Cir. 2013). An RFC determination is informed by consideration of "all of the relevant medical and other evidence." 20 C.F.R. §§

---

[6] By regulation, "[l]ight work" is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

404.1545(a)(3), 416.945(a)(3); *Tankisi*, 521 F. App'x at 33.

To properly ascertain a claimant's RFC, an ALJ must assess plaintiff's exertional capabilities, such as her ability to sit, stand, walk, lift, carry, push and pull. 20 C.F.R. §§ 404.1545(b), 416.945(b). Nonexertional limitations or impairments, including impairments that result in postural and manipulative limitations, must also be considered. *Id.* When rendering an RFC determination, the ALJ must specify those functions that the claimant is capable of performing; conclusory statements concerning her capabilities will not suffice. *Martone*, 70 F. Supp. 2d at 150 (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y.1990); *Sullivan v. Sec'y of Health & Human Servs.*, 666 F. Supp. 456, 460 (W.D.N.Y.1987); *Ferraris*, 728 F.2d at 588); *accord, e.g., Bump v. Comm'r of Soc. Sec.*, No. 15-CV-1077, 2016 WL 6311872, at *3 (N.D.N.Y. Oct. 28, 2016) (Suddaby, C.J.). In addition, the ALJ's RFC determination must be supported by substantial evidence. *Ferraris*, 728 F.2d at 587; *accord, Bump*, 2016 WL 6311872, at *3.

Plaintiff does not dispute the mental component of the ALJ's RFC finding, which appears to garner the support of substantial evidence. *See generally* Dkt. No. 11. She does, however, take issue with the ALJ's failure to include certain postural limitations in the RFC. *Id.* at 3. That challenge is

based principally upon the medical opinion of consultative examiner Dr. Kautilya Puri, to the affect that plaintiff has mild limitations to squatting, bending, stooping and kneeling.[7] *Id.*; *see* AT 316. Dr. Puri's opinions draw some support from her examination of the plaintiff, which revealed her ability to squat was impaired, and she showed decreased flexion/extension and lateral and rotary movements in her lumbar spine. AT 315.

In his decision, the ALJ accorded the opinion of Dr. Puri significant weight. AT 21. While his decision does reference a mild limitation to lifting, as noted by Dr. Puri, the ALJ does not address the other postural limitations found in Dr. Puri's report.[8] *See generally* AT 14-22.

It is well-established that an RFC need not conform precisely to any

---

[7] In her brief plaintiff also cites the February 11, 2014 evaluation of G. Nichols, who also noted that plaintiff experiences some postural limitations. *See* Dkt. No. 11 at 3 (citing AT 68-69). That opinion, however, is of a single decision maker ("SDM"). *See* AT 69. It is well-established, that opinions of SDM's are not entitled to weight. *See, e.g., Kociuba v. Comm'r of Soc. Sec.*, No. 5:16-CV-0064, 2017 WL 2210511, at *7 (N.D.N.Y. May 19, 2017) (Suddaby, C.J.); *Martin v. Astrue*, No. 7:10-CV-1113, 2012 WL 4107818, at *15-16 (Sept. 19, 2012) (McAvoy, J.) (observing that ALJs have been instructed that "RFC determinations by SDMs should not be afforded any evidentiary weight at the administrative hearing level.").

[8] The existence of mild limitation in lifting is not inconsistent with a finding of light work. *See e.g., Harris v. Comm'r of Soc. Sec.*, No. 09-CV-1112, 2011 WL 3652286, at *5 (N.D.N.Y. July 27, 2011) (finding "slight to moderate limitations in activities that require lifting, carrying, and reaching . . . consistent with the ALJ's conclusion that [the p]laintiff could perform light work"), *report and recommendation adopted by*, 2011 WL 3652201 (N.D.N.Y. Aug. 17, 2011).

single medical source or consultative opinion. *Marcus v. Califano*, 615 F.2d 23 (2d Cir. 1979) ("The ALJ has discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant."); *accord*, *Little v. Colvin*, No. 5:14-CV-63, 2015 WL 1399586, at *15 (N.D.N.Y. Mar. 26, 2015) (D'Agostino, J.); *Dier v. Colvin*, No. 13-CV-502S, 2014 WL 2931400, at *4 (W.D.N.Y. Jun. 27, 2014). While the better practice in this instance would have been for the ALJ to explicitly state whether he was rejecting the portion of Dr. Puri's opinion regarding those other postural limitations, or instead had determined that they did not preclude plaintiff's ability to perform light work, any error in this regard is harmless. Even if Dr. Puri's opinion regarding the plaintiff's postural limitations is accepted, they do not undermine the ALJ's determination that mild limitations in stooping, kneeling, crouching, and crawling are not inconsistent with light work. *See* SSR 85-15 ("if a person can stoop occasionally (from very little up to one-third of the time) in order to lift objects, the sedentary and light occupational base is virtually intact . . . this is also true for crouching . . ."; including that also the limitations of the ability to crawl and kneel have little significance in the broad world of work); *see also Farrell v. Comm'r of Soc. Sec.*, No. 7:12-cv-418 2013 WL

16

4455697, at *10 (N.D.N.Y. Aug. 16, 2013) (Sharpe, C.J.) ("[T]he inability to bend on a repetitive basis is not inconsistent with the ALJ's ultimate determination that [the plaintiff] could perform unskilled sedentary to light work, with the need to occasionally alternate positions."). Accordingly, the ALJ's failure to address this issue does not affect the Commissioner's determination.

The next question to be addressed is whether the mild postural limitations noted by Dr. Puri, assuming they should have been directly included in the RFC finding or were subsumed in the RFC indirectly, would preclude plaintiff from performing her past relevant work as a chambermaid. As the Commissioner argues, the vocational expert who appeared in this matter testified that plaintiff's past work corresponded to that of a cleaner, housekeeper under Dictionary of Occupational Titles ("DOT") No. 323.687-014, as it is generally performed in the national economy. AT 49. That DOT entry indicates that the position requires only occasional stooping, kneeling, and crouching, *id.* Accordingly, the ALJ's determination that plaintiff is capable of performing her past relevant work, notwithstanding her physical and mental conditions, was supported by substantial evidence.

IV. <u>SUMMARY AND ORDER</u>

Based upon the foregoing, the court finds that the finding that plaintiff is capable of performing her past relevant work, and is therefore not disabled, is the product of the application of proper legal principles and is supported by substantial evidence. Accordingly, it is hereby

ORDERED that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) be DENIED, and that defendant's cross motion for judgment on the pleadings (Dkt. No. 20) be GRANTED, the Acting Commissioner's determination be AFFIRMED, and judgment be entered DISMISSING plaintiff's complaint in this action; and it is further

ORDERED that the clerk of the court serve a copy of this decision and order upon the parties in accordance with this court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:      September 13, 2018
            Syracuse, New York